Case 3:25-cv-00346   Document 13   Filed on 11/04/25 in TXSD   Page 1 of 9

United States District Court
Southern District of Texas
**ENTERED**
November 04, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| DAWN MICHELLE MOSES, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00346 |
| | § | |
| JUDGE JIMMY SYLVIA, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION

On September 22, 2025, Plaintiff Dawn Michelle Moses instituted this civil rights action in the Victoria Division against 55 defendants.[1] *See Moses v. Sylvia*, No. 6:25-mc-00007 (S.D. Tex. Sep. 22, 2025). On September 23, 2025, Judge Julie K. Hampton transferred this case to the Galveston Division. Judge Hampton transferred this case because Moses lives in Chambers County and complains about events relating to cases filed in Chambers County, which is in the Galveston Division. On October 10, 2025, Judge Jeffrey V. Brown denied Plaintiff's application to proceed in forma pauperis. *See* Order, *Moses v. Sylvia*, No. 3:25-mc-00027 (S.D. Tex. Oct. 10, 2025), Dkt. 4. On October 21, 2025, Plaintiff paid the filing fee, and this case was referred to me for all pretrial purposes. *See* Dkt. 7.

Plaintiff, representing herself, seeks ex parte relief from the court through her applications for a writ of mandamus, temporary restraining order, ADA accommodations, the appointment of counsel, declaratory relief, record correction and sealing, and referral for federal investigation. *See* Dkt. 8.

I will address each of these requests in turn.

---

[1] To be precise, Moses names six judges, six Chambers County officials and staff, six Chambers County prosecutors and law enforcement leadership, 14 Chambers County Sheriff's Office deputies, 15 private parties, three attorneys and legal professionals, and five Texas Workforce Commission officials. *See* Dkt. 8 at 19–22.

## WRIT OF MANDAMUS

Plaintiff seeks a writ of mandamus "directing all named judicial officers, clerks, prosecutors, and law enforcement officials to":

> 1. Cease and desist from taking any further action in the following matters: ● Cause No. **23CCV0022**—County Court at Law, Chambers County, Texas
>
> ● Cause No. **24CCV0123**—County Court at Law, Chambers County, Texas
>
> ● Cause No. **23CCR0735**—County Criminal Court, Chambers County, Texas
>
> 2. Stay all proceedings, deadlines, and enforcement actions in those cases pending this Court's review and further order.
>
> 3. Preserve all records, filings, and evidence in these matters . . . .

*Id.* at 2.

"The writ of mandamus is an order directing a public official or public body to perform a duty exacted by law." *United States v. Denson*, 603 F.2d 1143, 1146 (5th Cir. 1979). Simply put, "federal courts lack the authority to issue such writs of mandamus" to direct "state court officials to take certain action." *Mahogany v. Muwwakkil*, 259 F. App'x 681, 683 (5th Cir. 2007); *see also Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) ("[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) ("It is settled that a federal court has no general jurisdiction to issue writs of mandamus where that is the only relief sought. In the absence of special statutory authority it can issue writs of mandamus only as ancillary to and in aid of jurisdiction otherwise vested in it."). I thus recommend that Plaintiff's petition for a writ of mandamus be denied.

## TEMPORARY RESTRAINING ORDER

Plaintiff seeks a temporary restraining order. Specifically, Plaintiff requests:

> Emergency Ex Parte Protective Order — Immediately restraining Defendants and those acting in concert with them from contacting, harassing, threatening, surveilling, or approaching Plaintiff, and from entering within 500 feet of her person or residence; further ordering the preservation of all relevant evidence . . . .

Dkt. 8 at 8.

A temporary restraining order is "a highly accelerated and temporary form of preliminary injunctive relief, which may be granted without notice to the opposing party or parties." *Cotton v. Tex. Express Pipeline, LLC*, No. 6:16-cv-453, 2017 WL 2999430, at *1 (W.D. Tex. Jan. 10, 2017) (quotation omitted). A court may issue a temporary restraining order without written or oral notice to the adverse party *only* if both of the following requirements are met:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; *and*
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1) (emphasis added).

Plaintiff does not certify in writing any efforts made to give notice to Defendants or articulate why notice should not be required. Thus, Plaintiff has not satisfied both requirements for the issuance of an ex parte temporary restraining order under Rule 65(b)(1). *See Houston Pilots v. Galveston-Tex. City Pilots*, No. 4:25-cv-1801, 2025 WL 1426554, at *1 (S.D. Tex. Apr. 29, 2025) (collecting cases). Accordingly, Plaintiff's emergency motion should be denied without prejudice. The court will address Plaintiff's request for a preliminary injunction once Defendants have been served and given the opportunity to respond.

## ADA ACCOMMODATIONS AND APPOINTMENT OF COUNSEL

Plaintiff claims to be a qualified individual with disabilities under the Americans with Disabilities Act ("ADA"). As such, Plaintiff seeks the following accommodations: (1) "Appointment of counsel at no cost to Plaintiff"; (2) "Remote access to all hearings and proceedings"; (3) "Adjusted deadlines and schedules to

accommodate medical limitations"; and (4) "Written communications in accessible formats." Dkt. 8 at 15.

As an initial matter, I note that "the entire federal government is excluded from the coverage of the ADA." *Henrickson v. Potter*, 327 F.3d 444, 447 (5th Cir. 2003) (citing 42 U.S.C. § 12111(5)(B)). "While the Americans with Disabilities Act (ADA) requires state courts to make disability accommodations, the ADA does not apply to federal courts." *Roman v. Jefferson at Hollywood LP*, 495 F. App'x 804, 806 (9th Cir. 2012). Accordingly, the ADA does not require this court to grant Plaintiff's requested accommodations.

Although this court is not required to accommodate Plaintiff, several of the accommodations that Plaintiff requests are available to every litigant. For example, I host nearly all my proceedings remotely via Zoom unless a party wishes to appear in person. Even when one party wishes to appear in person, I never require the other party to appear in person. Thus, Plaintiff is welcome to attend all hearings and proceedings remotely.[2] Additionally, I always move deadlines to accommodate the parties' reasonable needs, medically or otherwise. If Plaintiff needs an extension to any deadline, she need only ask. I will not, however, impose a blanket extension to any deadline that may arise, especially when Plaintiff has not specified what kind of extension she would need. Nor has Plaintiff specified the accessible format in which she needs written communications (e.g., large print, braille, plain language, etc.). The court is happy to accommodate but must first know what accommodation is requested.

The crux of Plaintiff's request for accommodations, however, is her request that she be appointed counsel at no cost. I sympathize with Plaintiff and all other pro se litigants who are unable to retain counsel. Ideally, every litigant who appears before this court would be represented by a zealous advocate who champions their client's cause. The reality of the situation, however, is that Congress has earmarked

---

[2] There is currently no reason to have a hearing or proceeding because no defendant has been served.

no funds for such representation and this court cannot order an unwilling member of the bar to assume representation for no compensation.

"[T]he appointment of counsel in a civil case is a privilege and not a constitutional right." *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). "If plaintiff were found to be indigent, the Court 'may request an attorney to represent any person unable to afford counsel.'" *Macon v. Cedarcroft Health Servs., Inc.*, No. 4:12-cv-1481, 2013 WL 1630622, at *1 (E.D. Mo. Apr. 16, 2013) (quoting 28 U.S.C. § 1915(e)(1)). Section 1915(e) applies, however, only to "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Judge Brown has already denied Plaintiff's application to proceed in forma pauperis. *See* Order, *Moses v. Sylvia*, No. 3:25-mc-00027 (S.D. Tex. Oct. 10, 2025), Dkt. 4. Accordingly, § 1915(e) affords the court no basis to even consider Plaintiff's request.

Although the *in forma pauperis* statute affords no basis to consider Plaintiff's request for counsel, "Congress specifically authorized courts to appoint counsel for Title VII complainants in suits brought under Title VII." *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990). Title VII provides that "in such circumstances as the court may deem just, the court may appoint an attorney for such complainant." 42 U.S.C. § 2000e-5(f)(1). This provision for the appointment of counsel is incorporated into the ADA. *See* 42 U.S.C. § 12133 (incorporating the rights set forth in 29 U.S.C. § 794a, which itself incorporates, in relevant part, 42 U.S.C. § 2000e-5(f)). Thus, the court may consider Plaintiff's request for counsel in the context of her ADA claims. The Fifth Circuit has held that "[d]istrict courts analyzing the merits of a Title VII plaintiff's request for counsel should consider: (1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel." *Gonzalez*, 907 F.2d at 580.

As to the merits of Plaintiff's claims of discrimination, I am forced to conclude that Plaintiff's case, as it is currently pleaded, is doomed. "Rule 8(a) requires that a complaint 'be presented with clarity sufficient to avoid requiring a

5

district court or opposing party to forever sift through its pages in search' of the nature of the plaintiff's claim." *Glover v. F.D.I.C.*, 698 F.3d 139, 147 (3d Cir. 2012) (quoting *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990)). "[A] court is generally not required to sift through a self-represented litigant's allegations and voluminous exhibits to tease out a valid claim." *Stephens v. Biden*, No. 3:23-cv-00817, 2024 WL 554274, at *3 (D. Or. Jan. 26, 2024) (quotation omitted). Yet, that is exactly what Plaintiff seemingly expects this court to do.

Plaintiff alleges that she is the victim "of a coordinated course of conduct, directly discriminatory and retaliatory in nature, taken in response to Plaintiff's exercise of a protected right under the [ADA] to obtain and keep a service animal." Dkt. 1 at 2–3. Specifically, Plaintiff alleges that unidentified defendants "served Plaintiff with a defective eviction notice" and then "initiated an unlawful lockout, entered her home without authorization, tampered with her security system, and interfered with her personal property . . . in knowing violation of Texas Property Code protections and without lawful court authority." *Id.* at 3. Plaintiff claims that unidentified law enforcement officials either dismissed her complaints or "reclassified" her reports as "psychiatric/behavioral" calls. *Id.* Finally, Plaintiff claims that she was detained and "denied urgent medical care." *Id.* Yet, at no point in her complaint does Plaintiff tie any specific defendant to any alleged action. Instead, Plaintiff attaches six exhibits totaling more than 450 pages to her complaint. Volume does not equal merit. *See, e.g.*, *Orea v. Quality Loan Serv. Corp.*, 859 F. App'x 799, 801 (9th Cir. 2021) ("The district court did not abuse its discretion in dismissing the Oreas' second amended complaint, which spanned more than ninety pages of text and 540 pages of exhibits.").

The fact that Plaintiff's claims are seemingly lacking in merit is a sufficient reason to deny her request for appointment of counsel. Additionally, Plaintiff details no efforts taken to obtain counsel. Nor does Plaintiff explain why she was

6

able to pay the filing fee for this case but is unable to afford counsel. For all these reasons, Plaintiff's request for appointment of counsel is denied.[3]

## PLAINTIFF'S REMAINING REQUESTS FOR RELIEF

In her remaining requests for relief, Plaintiff seeks: (1) a declaration "that Defendants' actions violated Plaintiff's rights under the First, Second, Fourth, and Fourteenth Amendments to the United States Constitution, Title II of the ADA, and other applicable federal laws"; (2) a court order directing "the correction of false or misleading entries in court and law enforcement records, and the sealing of records unlawfully created or maintained"; and (3) for the court to refer this matter "to the United States Department of Justice and the Federal Bureau of Investigation for investigation into potential criminal violations, including but not limited to civil rights violations under color of law." Dkt. 8 at 8. All these requests are premature. No defendant has been served in this matter, and it would be inappropriate for the court to opine on the merits of such requests before Defendants have been served and made an appearance.

## SERVING DEFENDANTS

Plaintiff "requests that citation issue and service be effected upon each defendant . . . by certified mail, return receipt requested, or by U.S. Marshal." Dkt. 8 at 23. "The Court is mindful that a *pro se* party who is proceeding *in forma pauperis* may rely on the Clerk of Court and the United States Marshals Service to effect service of process on his behalf." *Gonzalez v. Holder*, 763 F. Supp. 2d 145, 148 (D.D.C. 2011) (citing Fed. R. Civ. P. 4(c)(3)). Plaintiff, however, "has prepaid the filing fee in this case in full" and "therefore is not proceeding *in forma pauperis* and is responsible for service of process." *Judd v. F.C.C.*, 276 F.R.D. 1, 6 (D.D.C. 2011) (citation modified).

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the

---

[3] A ruling on a motion to appoint counsel is a non-dispositive pretrial order. *See Lewis v. Wilkinson*, No. CIV A. 11-0469, 2011 WL 3626418, at *1 (W.D. La. Aug. 17, 2011).

action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). In this case, Plaintiff could not have known that she would be responsible for serving Defendants until the court ruled upon her request that the Clerk or Marshals effect service on her behalf. **So, I will give Plaintiff until Thursday, January 29, 2026, to serve Defendants. But Plaintiff is warned: failure to serve a Defendant by January 29, 2026, <u>*will*</u> result in the dismissal of Plaintiff's case against that Defendant.** Plaintiff is reminded that only a "person who is at least 18 years old *and not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added). In other words, Plaintiff cannot serve any Defendant herself.

Plaintiff should refer to the Guidelines for Litigants Without Lawyers, for further guidance on serving Defendants. To access this document, visit the Southern District of Texas homepage at https://www.txs.uscourts.gov. Select the "District Court" dropdown menu, then select "Local & Federal Rules." Access the Guidelines for Litigants Without Lawyers by clicking the text that reads: "Litigants Without Lawyers / Pro Se Parties."

## CONCLUSION

For the reasons discussed above, I recommend that Plaintiff's application for a writ of mandamus and temporary restraining order be denied. Additionally, I deny Plaintiff's request for the appointment of counsel and service by the U.S. Marshals. The court should defer resolution of Plaintiff's remaining requests for relief until such time as Defendants have been served and entered appearances. **Plaintiff must ensure that each Defendant is properly served by January 29, 2026. Failure to serve a Defendant by January 29, 2026, <u>*will*</u> result in the dismissal of Plaintiff's claims against that Defendant.**

Plaintiff has 14 days from service of this Memorandum Opinion, Order, and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 4th day of November 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE