**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| DAWN MICHELLE MOSES, | § § § | |
| Plaintiff. | § § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00346 |
| JUDGE JIMMY SYLVIA, *et al.*, | § § § § | |
| Defendants. | § | |

**ORDER ADOPTING MAGISTRATE JUDGE'S MEMORANDUM AND RECOMMENDATION AND OVERRULING OBJECTIONS**

On October 22, 2025, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 7. Judge Edison filed a memorandum opinion, order, and recommendation on November 4, 2025, denying the plaintiff's request for the appointment of counsel and service by the U.S. Marshals; recommending that the plaintiff's application for a writ of mandamus and temporary restraining order be denied; and recommending that the court defer resolution of any remaining requests for relief until the defendants have been served and entered appearances. Dkt. 13.

On November 18, 2025, the plaintiff filed her objections to the memorandum and recommendation. *See* Dkt. 15. Two different standards of review govern the plaintiff's objections. Judge Edison's rulings denying the plaintiff's request for the appointment of counsel and service by the U.S. Marshals are non-dispositive pretrial orders. *See Lewis v. Wilkinson*, No. CIV.A. 11-0469, 2011 WL 3626418, at *1 (W.D. La. Aug. 17, 2011) (holding that actions not listed in

28 U.S.C. § 636(b)(1)(A) as dispositive motions are non-dispositive matters on which a magistrate judge may rule); *see also Arnold v. Gilmore*, No. 16-CV-1299, 2016 WL 5942241, at *1 (W.D. Pa. Oct. 13, 2016) (holding that a magistrate judge's order denying Plaintiff's requests for service by U.S. Marshal and appointment of counsel were "non-dispositive matters"). District courts will sustain objections to non-dispositive pretrial orders only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). The clear error standard is "highly deferential" and "the court [should] affirm the decision of the magistrate judge unless on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (quotation omitted). This situation does not meet that standard. Accordingly, the plaintiff's objections to Judge Edison's orders denying her request for service by U.S. Marshal and the appointment of counsel are overruled.

In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections, the memorandum and recommendation, the pleadings, and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court. It is therefore ordered that:

(1) Judge Edison's memorandum and recommendation (Dkt. 13) is approved and adopted in its entirety as the holding of the court; and

(2) The Court will defer resolution of the plaintiff's remaining requests for relief until the defendants have been served and entered appearances; and

(3) The plaintiff must ensure that each defendant is properly served by January 29, 2026. Failure to serve a defendant by January 29, 2026, will result in dismissal of the plaintiff's claim(s) against that defendant.

SIGNED on Galveston Island this 26th day of November 2025.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE